Daniel M. Cislo, Esq., No. 125,378
Kelly W. Cunningham, Esq., No. 186,229
CISLO & THOMAS LLP
233 Wilshire Boulevard, Suite 900
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Email: dancislo@cislo.com
       kcunningham@cislo.com

Attorneys for Plaintiffs
TI BEVERAGE GROUP, LTD.
and MICHAEL MACHAT

JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TI BEVERAGE GROUP, LTD., et al., | Case No. Cv 06-7793 VBF (JWJx) |
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER FOR ENTRY OF JUDGMENT** |
| S.C. CRAMELE RECAS S.A., et al., | |
| Defendants. | Date: December 21, 2007<br>Time: 8:30 pm<br>Place: Courtroom 9<br>The Hon. Valerie B. Fairbank |

# [PROPOSED] ORDER

Plaintiffs TI BEVERAGE GROUP, LTD., a Delaware Corporation dba TRANSYLVANIA IMPORTS, VAMPIRE, INC., CUPID WINES, INC. and MICHAEL MACHAT, an individual (collectively, "TI" or "the TI parties") and Defendants S.C. CRAMELE RECAS, S.A., a Romanian company; PROVINUM SR, a Romanian company; PHILIP COX, an individual; and BASIL ZARNOVEANU, an individual (collectively, "the RECAS" parties"), have entered into a stipulation for entry of judgment in the present action. Upon consideration of the parties stipulation and finding good cause therefor,

**IT IS HEREBY ORDERED THAT:**

1. Each of the RECAS parties and each of their agents and assigns agree to cease and desist from any of the following:

   a. Using Vampire, Vampyre, Vampire Vineyards, Vamp, the Vamp icon, or any other word or words or marks which are confusingly similar to, or a colorable imitation of any of the aforementioned trade names and marks, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of beverage products and beverage accessories anywhere throughout the World.

   b. Using the letter V, as a trademark, either alone, or with a blood drop, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of beverage products and beverage accessories anywhere throughout North America.

     c.    Representing directly or indirectly by words or conduct that any beverage product or beverage accessory offered for sale, sold, promoted, or advertised by any of the RECAS parties, is authorized, sponsored by, endorsed by, or otherwise connected with any of the TI parties.

2.    As additional consideration for the Settlement Agreement, the RECAS parties agree to the following:

     a.    Provide a complete accounting of all VAMPIRE labeled wine sold by the RECAS parties over the last thirteen months to any entities other than the TI parties unless an accounting has already been provided to the TI parties within six months from the date this judgment is entered;

     b.    Immediately cease and desist from selling any VAMPIRE labeled wine to any entity, anywhere throughout the world, other than to TI or MACHAT.

     c.    Destroy all dry goods including but not limited to labels, branded corks, boxes, and capsules that display any trademark of the TI parties such as VAMPIRE, CUPIDO or the VAMP design and logo.

     d.    Immediately cease and desist from selling any V labeled wine (regardless of whether or not the V wine comes with or without a blood drop) to any entity for sale in North America.

3.    The RECAS parties each agree that for any violation of its obligations specified herein, the breaching party(ies) will be obligated to pay the TI parties liquidated damages in the amount of ten thousand dollars and no cents only ($10,000.00) per incident plus one dollar and no cents only ($1.00) per bottle or dry good as the case may be. The Parties expressly agree that said liquidated damages constitutes a reasonable estimate of the harm such unauthorized conduct is likely to cause the TI parties and should not be construed as an unenforceable penalty. The Parties further agree that, in

case of a breach of this Agreement by any of the RECAS parties, the TI parties shall have the option of electing to seek actual damages in lieu of liquidated damages.

**IT IS SO ORDERED**.

Date: December 20, 2007    _____
                                                    United States District Judge


Respectfully submitted,

CISLO & THOMAS LLP


By:   /Kelly W. Cunningham
        Daniel M. Cislo, Esq.
        Kelly W. Cunningham, Esq.

Attorneys for Plaintiffs
TI BEVERAGE GROUP, LTD. and
MICHAEL MACHAT

Dated:  December 19, 2007

4

# PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the State of California, and not a party to the above-entitled action.  My business address is 233 Wilshire Boulevard, Suite 900, Santa Monica, California 90401-1211.

On Monday, December 19, 2007, I served:

**[PROPOSED] ORDER FOR ENTRY OF JUDGMENT**

addressed as follows to:

> Jonathan M. Cohen, Esq.
> Daniel F. Bailey, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, California 94111-5894
> jcohen@winston.com; dbailey@winston.com

**BY ELECTRONIC PROCESS**:  An electronic copy of this document was sent to the above email address(es) via the Electronic Court Filing (ECF) procedure provided by this Court.

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on Monday, December 19, 2007, at Santa Monica, California.


                                                                    s/ Annie Aboulian
                                                                    Annie Aboulian