# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TI BEVERAGE GROUP, LTD., et al. | Case No. CV-06-7793 VBF (JWJx) |
| Plaintiffs, | STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT |
| vs. | |
| S.C. CRAMELE RECAS S.A., et al., | |
| Defendants, | |
| AND RELATED CASE | |

This Stipulation and [Proposed] Order of Entry of Judgment ("Stipulation") is entered into by and between TI BEVERAGE GROUP, LTD., a Delaware Corporation dba TRANSYLVANIA IMPORTS, VAMPIRE, INC., CUPID WINES, INC. and MICHAEL MACHAT, an Individual, (collectively "TI" or the "TI parties"); and S.C. CRAMELE RECAS S.A., a Romanian company, PROVINUM SR, a Romanian Company; PHILIP COX, an Individual, and BASIL ZARNOVEANU, an Individual (collectively "the RECAS parties").

## RECITALS

A. WHEREAS, to avoid the uncertainty and expense of litigation, the TI parties and the RECAS parties (collectively, "the Parties") now desire to settle all matters related to the Complaint and Counter-Claim by executing this Stipulation and request that the Court entered the same as an order and judgment of the Court;

B. WHEREAS, the following allegations are provided merely to give context to this Stipulation and in order to effectuate settlement of the Complaint and Counter-Claim. The following factual allegations may or may not be true. Any allegation made by the TI parties is disputed by the RECAS parties. Any allegation made by the RECAS parties is disputed by the TI parties.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

C. WHEREAS the TI parties have alleged that MACHAT through various entities, including TI Beverage Group, Ltd., has been selling beverages under the Vampire brand for close to twenty years;

D. WHEREAS the TI parties have alleged that MACHAT is the owner of various Vampire related trademarks throughout the world, including amongst others, U.S. trademark registrations 2263907, 3082097, 2681906, 3196399, 3141345 for Vampire, Vampyre, Vamp, Vampire.com, Vamp icon respectively, and Canadian trademark registrations TMA535141, TMA651914, and TMA662183 for Vampire, Vampyre and V with blood drop logo respectively.

E. WHEREAS the TI parties have alleged that, beginning in approximately September of 1997, MACHAT began to use a V with a blood drop dripping off the V in Vampire as part of a design logo for his Vampire branded wines.

F. WHEREAS the TI parties have alleged that, on or about June 11, 2001 MACHAT, COX, and ZARNOVEANU, entered into an three-party agreement ("the Three-Party Agreement") which provided, amongst other things, that MACHAT would from time to time place orders for wine to be bottled under the VAMPIRE brand; COX via his winery would supply the wine bottled under the VAMPIRE brand to MACHAT or his designee; and that PROVINUM would bill MACHAT or his designee for the wine ordered.

G. WHEREAS the TI parties have alleged that the Three-Party Agreement also provided that the VAMPIRE brand was MACHAT'S property throughout the world; that the RECAS parties would not sell wine bearing the VAMPIRE mark to anyone throughout the world other than MACHAT or his designee; and that the RECAS parties would take all actions to protect MACHAT'S VAMPIRE brand throughout the world.

H. WHEREAS the TI parties have alleged that, in approximately 2002, MACHAT expanded his use of the V with blood drop by using it standing alone as a trademark for his VAMPYRE vodka in the U.S. and elsewhere.

1  I.  WHEREAS the TI parties have alleged that MACHAT has a pending
2  trademark application no. 78605786 for the V with blood drop design;
3  J.  WHEREAS the TI parties have alleged that, sometime in approximately
4  April of 2005, RECAS began supplying wine to parties other than MACHAT (or
5  MACHAT's designees) that was branded with a V that sometimes had a blood drop
6  dripping of the V, and sometimes did not contain the blood drop dripping off the V;
7  K.  WHEREAS in December of 2006, TI BEVERAGE GROUP LTD dba
8  TRANSYLVANIA IMPORTS and MICHAEL MACHAT filed suit (Case No. CV-
9  06-7793 VBF (JWJx) against the RECAS parties alleging breach of the Three-Party
10  Agreement, trademark infringement, and unlawful competition;
11  L.  WHEREAS the RECAS parties filed a Counter-Claim against the TI
12  parties plus TRANSYLVANIA IMPORTS, INC., CUPIDO,
13  PATHWAYTODARKNESS.COM, and VAMPIRE.COM alleging breach of contract
14  for failure to pay for goods had and received, breach of the implied covenant of good
15  faith and fair dealing, intentional interference with contractual relations, fraud, and
16  trade libel amongst other claims;
17  M.  WHEREAS PROVINUM and BASIL ZARNOVEANU allege the filing
18  of the Complaint against them was malicious and without any foundation because
19  PROVINUM and BASIL ZARNOVEAUNU allege that they had no dealings
20  whatsoever with the entities the TI parties allege infringe on their intellectual
21  property; and
22  N.  WHEREFORE, in consideration of the mutual covenants and conditions
23  contained and referenced here, the Parties agree as follows:
24  I.  **ENTRY OF JUDGMENT**
25  A. THE RECAS PARTIES COVENANT
26  1. Each of the RECAS parties and each of their agents and assigns agree to
27  cease and desist from any of the following:
28  a.  Using Vampire, Vampyre, Vampire Vineyards, Vamp, the Vamp

3

1 icon, or any other word or words or marks which are confusingly similar to, or a
2 colorable imitation of any of the aforementioned trade names and marks, either alone,
3 as part of, or together with, any other word or words, trademark, service mark, trade
4 name, or other business or commercial designation in connection with the sale,
5 offering for sale, advertising, and/or promotion of beverage products and beverage
6 accessories anywhere throughout the World.

7     b. Using the letter V, as a trademark, either alone, or with a blood
8 drop, as part of, or together with, any other word or words, trademark, service mark,
9 trade name, or other business or commercial designation in connection with the sale,
10 offering for sale, advertising, and/or promotion of beverage products and beverage
11 accessories anywhere throughout North America.

12     c. Representing directly or indirectly by words or conduct that any
13 beverage product or beverage accessory offered for sale, sold, promoted, or advertised
14 by any of the RECAS parties, is authorized, sponsored by, endorsed by, or otherwise
15 connected with any of the TI parties.

16   2. As additional consideration for the Settlement Agreement, the RECAS
17 parties agree to the following:

18     a. Provide a complete accounting of all VAMPIRE labeled wine sold
19 by the RECAS parties over the last thirteen months to any entities other than the TI
20 parties unless an accounting has already been provided to the TI parties within six
21 months from the date this judgment is entered;

22     b. Immediately cease and desist from selling any VAMPIRE labeled
23 wine to any entity, anywhere throughout the world, other than to TI or MACHAT.

24     c. Destroy all dry goods including but not limited to labels, branded
25 corks, boxes, and capsules that display any trademark of the TI parties such as
26 VAMPIRE, CUPIDO or the VAMP design and logo.

27     d. Immediately cease and desist from selling any V labeled wine
28 (regardless of whether or not the V wine comes with or without a blood drop) to any

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  entity for sale in North America.

2      3.    The RECAS parties each agree that for any violation of its obligations specified herein, the breaching party(ies) will be obligated to pay the TI parties liquidated damages in the amount of ten thousand dollars and no cents only ($10,000.00) per incident plus one dollar and no cents only ($1.00) per bottle or dry good as the case may be. The Parties expressly agree that said liquidated damages constitutes a reasonable estimate of the harm such unauthorized conduct is likely to cause the TI parties and should not be construed as an unenforceable penalty. The Parties further agree that, in case of a breach of this Agreement by any of the RECAS parties, the TI parties shall have the option of electing to seek actual damages in lieu of liquidated damages.

    B. MICHAEL MACHAT, TI BEVERAGES GROUP LTD dba TRANSYLVANIA IMPORTS, VAMPIRE, INC., and CUPID WINES, INC. hereby agree to have judgment entered against them on the Counter-Claim in the amount of five hundred and fifty thousand dollars and no cents only ($550,000.00).

    Based on the express representation of the TI parties that the following entities no longer or have never existed, the RECAS parties agree that they will take nothing on their Counter-Claim against VAMPIRE.COM, CUPIDO, TRANSYLVANIA IMPORTS, INC., and PATHWAYTODARKNESS.COM. Absent such an express representation of the TI parties that these entities are not viable, the RECAS parties would have required that the foregoing monetary judgment apply to VAMPIRE.COM, CUPIDO, TRANSYLVANIA IMPORTS, INC., and PATHWAYTODARKNESS.COM in addition to MICHAEL MACHAT, CUPID WINES, INC., VAMPIRE, INC. and TI BEVERAGES GROUP LTD dba TRANSYLVANIA IMPORTS.

## II.  MISCELLANEOUS PROVISIONS

<u>Binding Effect</u>. This Stipulation shall be binding upon the parties and the parties' successors-in-interest.

1  Entire Agreement. This Stipulation constitutes the final, complete, and
2  exclusive statement of the terms of the Stipulation between the Parties pertaining to
3  the subject matter of the Stipulation and supersedes all prior and contemporaneous
4  understandings or agreements regarding the Stipulation only of the Parties.

5  Modification of Stipulation. This Stipulation may be supplemented, amended,
6  or modified only by mutual agreement of the parties. No supplemental, amendment,
7  or modification of this Stipulation shall be binding unless it is in writing and signed
8  and notarized by all parties.

9  Ambiguities. Each party and its counsel have participated fully in the review
10 and revision of this Stipulation. Any rule of construction to the effect that ambiguities
11 are to be resolved against the drafting parties shall not apply in interpreting this
12 Stipulation.

13 Waiver. No waiver of a breach, failure of a condition, or any right or remedy
14 contained in or granted by the provisions of this Stipulation shall be effective unless it
15 is in writing and signed by the party waiving the breach, failure, right or remedy. No
16 waiver of any breach, failure, right, or remedy shall be deemed a waiver of any other
17 breach, failure, right or remedy whether or not similar, nor shall any waiver constitute
18 a continuing waiver unless the writing so specifies.

19 Heading. The headings in this Stipulation are included for convenience only
20 and shall neither affect the construction or interpretation of any provision in this
21 Stipulation nor affect any of the rights or obligations of the parties to this Stipulation.

22 Attorneys Fees. In any litigation, arbitration, or other proceeding by which one
23 party either seeks to enforce its rights under this Stipulation (whether in contract, tort,
24 or otherwise) or seeks a declaration of any rights or obligations under this Stipulation,
25 the prevailing party shall be awarded reasonable attorneys fees, together with any
26 costs and expenses, to resolve the dispute and to enforce the final judgment.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1     <u>No Third-Party Rights</u>. This Stipulation is made solely for the benefit of the Parties and their respective permitted successors and assigns, and no other person or entity shall have or acquire any right by virtue of this Stipulation.

    <u>Jurisdiction</u>. The Parties agree that this Court has and shall continue to have jurisdiction to enter judgment both against and for them in this case. Any objections any party may have regarding this Court's jurisdiction to enter judgment against them, if any, are waived.

    <u>Counterparts</u>.   This Stipulation may be executed in counterparts and all so executed, shall constitute an agreement which shall be binding upon all parties hereto, notwithstanding that the signature of the parties do not appear on the same page.

**IT IS SO STIPULATED.**

Dated: September 5, 2007    WINSTON & STRAWN LLP

By: _____
Jonathan M. Cohen
Daniel F. Bailey
Attorneys for Defendants and
Cross-Claimants
S.C. CRAMELE RECAS S.A.,
et al.

Dated: September ___, 2007    CISLO & THOMAS LLP

By: _____
Daniel M. Cislo
Kelly W. Cunningham
Attorneys for Plaintiffs and
Cross-Defendants MICHAEL
MACHAT., et al.

Dated: September ___, 2007    By: _____
PHILIP COX

Dated: September ___, 2007    By: _____
BASIL ZARNOVEANU

*(Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5894)*

<u>No Third-Party Rights</u>. This Stipulation is made solely for the benefit of the Parties and their respective permitted successors and assigns, and no other person or entity shall have or acquire any right by virtue of this Stipulation.

<u>Jurisdiction</u>. The Parties agree that this Court has and shall continue to have jurisdiction to enter judgment both against and for them in this case. Any objections any party may have regarding this Court's jurisdiction to enter judgment against them, if any, are waived.

<u>Counterparts</u>. This Stipulation may be executed in counterparts and all so executed, shall constitute an agreement which shall be binding upon all parties hereto, notwithstanding that the signature of the parties do not appear on the same page.

**IT IS SO STIPULATED.**

Dated: September 5, 2007          WINSTON & STRAWN LLP

                                  By: _____
                                      Jonathan M. Cohen
                                      Daniel F. Bailey
                                      Attorneys for Defendants and
                                      Cross-Claimants
                                      S.C. CRAMELE RECAS S.A.,
                                      et al.

Dated: September 6, 2007          CISLO & THOMAS LLP

                                  By: _____
                                      Daniel M. Cislo
                                      Kelly W. Cunningham
                                      Attorneys for Plaintiffs and
                                      Cross-Defendants MICHAEL
                                      MACHAT., et al.

Dated: September ___, 2007        By: _____
                                      PHILIP COX

Dated: September ___, 2007        By: _____
                                      BASIL ZARNOVEANU

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

7
Stipulation and [Proposed] Order for Entry of Judgment

1     <u>No Third-Party Rights</u>. This Stipulation is made solely for the benefit of the Parties and their respective permitted successors and assigns, and no other person or entity shall have or acquire any right by virtue of this Stipulation.

    <u>Jurisdiction</u>. The Parties agree that this Court has and shall continue to have jurisdiction to enter judgment both against and for them in this case. Any objections any party may have regarding this Court's jurisdiction to enter judgment against them, if any, are waived.

    <u>Counterparts</u>. This Stipulation may be executed in counterparts and all so executed, shall constitute an agreement which shall be binding upon all parties hereto, notwithstanding that the signature of the parties do not appear on the same page.

**IT IS SO STIPULATED.**

Dated: September 5, 2007      WINSTON & STRAWN LLP

By: _____
Jonathan M. Cohen
Daniel F. Bailey
Attorneys for Defendants and
Cross-Claimants
S.C. CRAMELE RECAS S.A.,
et al.

Dated: September ___, 2007      CISLO & THOMAS LLP

By: _____
Daniel M. Cislo
Kelly W. Cunningham
Attorneys for Plaintiffs and
Cross-Defendants MICHAEL
MACHAT, et al.

Dated: September 7, 2007      By: _____
PHILIP COX

Dated: September ___, 2007      By: _____
BASIL ZARNOVEANU

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  **No Third-Party Rights.** This Stipulation is made solely for the benefit of the Parties and their respective permitted successors and assigns, and no other person or entity shall have or acquire any right by virtue of this Stipulation.

**Jurisdiction.** The Parties agree that this Court has and shall continue to have jurisdiction to enter judgment both against and for them in this case. Any objections any party may have regarding this Court's jurisdiction to enter judgment against them, if any, are waived.

**Counterparts.** This Stipulation may be executed in counterparts and all so executed, shall constitute an agreement which shall be binding upon all parties hereto, notwithstanding that the signature of the parties do not appear on the same page.

**IT IS SO STIPULATED.**

Dated: September 5, 2007

WINSTON & STRAWN LLP

By: _____
Jonathan M. Cohen
Daniel F. Bailey
Attorneys for Defendants and
Cross-Claimants
S.C. CRAMELE RECAS S.A.,
et al.

Dated: September ___, 2007

CISLO & THOMAS LLP

By: _____
Daniel M. Cislo
Kelly W. Cunningham
Attorneys for Plaintiffs and
Cross-Defendants MICHAEL
MACHAT., et al.

Dated: September ___, 2007

By: _____
PHILIP COX

Dated: September 0__, 2007

By: _____
BASIL ZARNOVEANU

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

7
Stipulation and [Proposed] Order for Entry of Judgment

1  Dated: September 7, 2007          By: _____
2                                         S.C. CRAMELE RECAS S.A.
                                          by Philip Cox, Managing
3                                         Director

4  Dated: September ___, 2007        By: _____
5                                         PROVINUM SR. by Basil
                                          Zarnoveanu, Managing Director
6
   Dated: September ___, 2007        By: _____
7                                         MICHAEL MACHAT
8
   Dated: September ___, 2007        By: _____
9                                         TI BEVERAGE GROUP, LTD.
                                          by MICHAEL MACHAT
10

11 Dated: September ___, 2007        By: _____
12                                        CUPID WINES, INC
                                          by MICHAEL MACHAT
13 Dated: September ___, 2007        By: _____
14                                        VAMPIRE, INC
                                          by MICHAEL MACHAT
15

16 **IT IS SO ORDERED.**

17     On consideration of the Stipulation between the TI parties and the RECAS
18 parties, IT IS HEREBY ORDERED that this Stipulation will be adopted and entered
19 into the records as this Court's Order and Judgment.
20 Dated: _____, 2007

21
22
23                                        _____
                                          JUDGE OF THE U.S.D.C.
                                          CENTRAL DISTRICT
24
25 SF:182490.1
26
27
28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

| | | |
|---|---|---|
| Dated: September ___, 2007 | By: | _____<br>S.C. CRAMELE RECAS S.A.<br>by Philip Cox, Managing Director |
| Dated: September 07, 2007 | By: | _____<br>PROVINUM SR. by Basil Zarnoveanu, Managing Director |
| Dated: September ___, 2007 | By: | _____<br>MICHAEL MACHAT |
| Dated: September ___, 2007 | By: | _____<br>TI BEVERAGE GROUP, LTD.<br>by MICHAEL MACHAT |
| Dated: September ___, 2007 | By: | _____<br>CUPID WINES, INC<br>by MICHAEL MACHAT |
| Dated: September ___, 2007 | By: | _____<br>VAMPIRE, INC<br>by MICHAEL MACHAT |

**IT IS SO ORDERED.**

On consideration of the Stipulation between the TI parties and the RECAS parties, IT IS HEREBY ORDERED that this Stipulation will be adopted and entered into the records as this Court's Order and Judgment.

Dated: _____, 2007

_____
JUDGE OF THE U.S.D.C.
CENTRAL DISTRICT

SF:182490.1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

8
Stipulation and [Proposed] Order for Entry of Judgment

1  Dated: September ___, 2007    By: _____
2                                     S.C. CRAMELE RECAS S.A.
                                       by Philip Cox, Managing
3                                      Director

4  Dated: September ___, 2007    By: _____
5                                     PROVINUM SR. by Basil
                                       Zarnoveanu, Managing Director

6  Dated: September 6, 2007      By: _____
7                                     MICHAEL MACHAT

8  Dated: September 6, 2007      By: _____
9                                     TI BEVERAGE GROUP, LTD.
                                       by MICHAEL MACHAT
10

11 Dated: September 6, 2007      By: _____
12                                    CUPID WINES, INC
                                       by MICHAEL MACHAT
13 Dated: September 6, 2007      By: _____
14                                    VAMPIRE, INC
                                       by MICHAEL MACHAT
15

16 **IT IS SO ORDERED.**

17       On consideration of the Stipulation between the TI parties and the RECAS
18 parties, IT IS HEREBY ORDERED that this Stipulation will be adopted and entered
19 into the records as this Court's Order and Judgment.

20 Dated: _____, 2007
21
22
23                                     _____
                                       JUDGE OF THE U.S.D.C.
                                       CENTRAL DISTRICT
24
25 SF:182490.1
26
27
28

                                       8
              Stipulation and [Proposed] Order for Entry of Judgment

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*